FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 OCT -3 AM 9: 44

CLERK_____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| DERRICK LAMONT NESBITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV406-167 |
| ) | |
| CHATHAM COUNTY SHERIFF'S ) | |
| DEPARTMENT, GEORGIA ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| and AL ST. LAWRENCE, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On June 28, 2006, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff, who is confined at the Chatham County Detention Center, contends that he was "held against [his] will" and "falsely imprisoned from May of 2002, to April 2003" when state prison officials miscomputed the length of his state sentences. Doc. 1 at 5. Specifically, plaintiff contends that he was not given proper "credit for time served" with respect to

sentences imposed in 1994 and 1996 by unidentified state courts. Id. Plaintiff states that in "late 2002" he filed a habeas corpus petition with the Coffee County Superior Court and afterwards received a letter from an assistant attorney general "denying that he was granted credit for time served." Id. According to plaintiff, his six-year sentence should have ended in 2002 but he was wrongfully kept in custody until April 2003. Plaintiff does not recall the docket number of the state habeas action but indicates his "hope" that the state habeas case is still pending.

Plaintiff was correct to pursue habeas relief prior to bringing a § 1983 damages action, for any challenge to the fact or duration of a prisoner's confinement (rather than to the *conditions* of confinement) is properly treated as a habeas corpus matter, with the attendant requirement that state judicial remedies be exhausted prior to seeking federal habeas relief. Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973) (challenges to the fact of duration of state confinement must be treated as an action under § 2254); 28 U.S.C. § 2254(b)(1)(A) (a federal writ of habeas corpus may not be granted until "the applicant has exhausted the remedies available in the courts of the State"). More recently, the Supreme Court held that if the

relief requested in a § 1983 action would necessarily undermine the plaintiff's conviction or sentence, plaintiff's cause of action simply "does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. 477, 489 (1994).

Furthermore, assuming plaintiff is not required to first prevail in a habeas action, plaintiff's cause of action is time-barred. The applicable statute of limitations for § 1983 actions is governed by state law. Wilson v. Garcia, 471 U.S. 261, 267 (1985). The Eleventh Circuit has held that the appropriate limitations period for all § 1983 actions in Georgia is two years. Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). According to the complaint, plaintiff's alleged false imprisonment took place from May 2002 until April 2003. Doc. 1, at 5. Thus, if plaintiff's cause of action accrued despite his failure to invalidate his state conviction, then he should have filed a § 1983 complaint by April 2005. His complaint, however, was not executed until July 12, 2006 and was not filed with this Court until July 17, 2006, some 15 months after the limitations period had expired.

Furthermore, the named defendants[1] are not subject to suit regardless of the timeliness or merits of plaintiff's claims. The Chatham County Sheriff's Department is not an entity subject to suit under § 1983. See Lovelace v. DeKalb Central Probation, 144 Fed. Appx. 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit); Lesikar v. Medical Staff, 2002 WL 441404, at *3 (N.D. Tex. Mar. 19, 2002) (citing Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police department not capable of being sued)).

Plaintiff also has named the Georgia Department of Corrections as a defendant to this suit. However, the Eleventh Amendment bars a plaintiff from suing a state or its agencies in federal court unless the state has expressly waived its sovereign immunity and consented to the suit. Welch v. Texas Dep't of Highways, 483 U.S. 468, 472-73 (1987); Pennhurst State

---

[1] On page 4 of his complaint, plaintiff identified the defendants as the Chatham County Sheriff's Department and the Georgia Department of Corrections, and he references both of these defendants in the "Statement of Claim" section of his complaint on page 5. Although plaintiff lists Sheriff Al St. Lawrence in the style of his case, he does not list the sheriff as a party or mention him in the body of his complaint. Plaintiff has not stated any claim against the sheriff, therefore.

School & Hospital v. Halderman, 465 U.S. 89, 98-100 (1984). The sovereign immunity granted by the Eleventh Amendment is not abrogated by the federal civil rights statutes. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989) ("§ 1983 was [never] intended to disregard the well-established immunity of a State from being sued without its consent."). Since the state has neither waived sovereign immunity nor consented to be sued in federal court, plaintiff's suit against the Georgia Department of Corrections is barred under the Eleventh Amendment. Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [suit] against the Georgia Department of Corrections," regardless of the relief sought). Accordingly, plaintiff's claims against the Chatham County Sheriff's Department and the Georgia Department of Corrections must be DISMISSED.

Nor has plaintiff exhausted his administrative remedies before seeking to pursue his remedies under § 1983. Prior to bringing a § 1983 action, a prisoner is required to exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). The Eleventh Circuit has made clear that this mandatory exhaustion requirement is a "'pre-condition to suit'" that must be enforced even if the available administrative remedies are either

futile or inadequate. Harris v. Garner, 190 F.3d 1279, 1285-86 (11th Cir.1999) (quoting Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998), vacated, 197 F.3d 1059, reinstated in part, 216 F.3d 970 (11th Cir. 2000)). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." Knuckles v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

Based on the foregoing, the Court recommends that plaintiff's complaint be **DISMISSED** for failure to state a claim for relief.

**SO REPORTED AND RECOMMENDED** this 2nd day of **October, 2006.**

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**